O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ROSENDO URBINA-ESPINOZA,** § | |
| *Petitioner*, § | |
| § | **CIVIL ACTION NO. 5:05-cv-245** |
| v. § | **CRIMINAL NO. 5:04-cr-02598** |
| § | |
| **UNITED STATES,** § | |
| *Respondent*. § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Rosendo Urbina-Espinoza's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [Civ. Doc. No. 1], and Motion for Relief Based on the New United States Supreme Court Mandate Given on *U.S. v. Booker*, [Doc. No. 1]. Upon due consideration of Petitioner's Motions, the record as it currently stands, and the governing law, the Court DENIES both of Petitioner's Motions.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

On February 15, 2005, Petitioner plead guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(b)(2). [Cr. Doc. No. 26 at 1]. He was subsequently sentenced to 46 months imprisonment. [Cr. Doc. No. 26 at 2]. On November 9, 2005, Petitioner filed the § 2255 Motion now before the Court claiming ineffective assistance of counsel because (1) because trial counsel failed to file a notice of appeal upon request, and (2) because trial counsel failed to challenge the constitutionality of his sentence based on the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005). [Doc. No. 2 at 2]. Prior to filing his § 2255 Motion, on August 2, 2005, Petitioner filed the Motion for Relief, which advances the same *Booker* argument stripped of the ineffective assistance framework. [Doc. No. 1].

## II.   DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Further, a § 2255 motion is generally the appropriate vehicle for an ineffective assistance claim. *See United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979) ("Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255.").

A party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. Thus, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

### A.  Counsel's Failure to File an Appeal Upon Request

Petitioner alleges that trial counsel failed to file a notice of appeal upon request. [Doc. No. 1 at 2]. The record reveals that Petitioner filed a notice of non-appeal, which expressly reflects Petitioner's decision to forgo a direct appeal, and confirms that he made that decision after discussing the matter with his attorney. [Cr. Doc. No. 25]. Therefore, this claim is meritless.

### B. Counsel's Failure to Attack Petitioner's Sentence on *Booker* Grounds

Next, Petitioner argues that he suffered ineffective assistance because trial counsel at sentencing failed to object to the enhancement of Petitioner's sentence. [Doc. No. 1 at 2]. Petitioner argues that, under *Booker*, the factors that motivated an enhancement of his sentence must have been "found by a jury" and "proven without a reasonable doubt." [Doc. No. 1 at 2].

In *Booker*, the Court held that "any fact *other than a prior conviction* that was necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, [must be either] admitted by a defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. (emphasis added). As is made obvious by reading the above excerpt from *Booker*, prior convictions as a basis for enhancement are exempted from the mandate announced is *Booker*. Therefore, Petitioner's argument fails as a matter of law.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 fails on its face as to all claims, and it is therefore **DISMISSED**. Additionally, since Petitioner's pending Motion for Relief is just a reiteration of his § 2255 *Booker* argument, that Motion is **DENIED**. Lastly, in the event that Petitioner may seek a certificate of appealability from this Court, such is prospectively **DENIED**.

IT IS SO ORDERED.

Done this 12th day of October, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

To Insure Proper Notice, Each Party Who Receives This Order Shall Forward a Copy of it to Every Other Party And Affected Non-party Even Though They May Have Been Sent One by The Court.